975 F.2d 868
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
CLEM ENVIRONMENTAL CORPORATION, Plaintiff-Appellant,
v.
AMERICAN COLLOID COMPANY, INC., Defendant/Cross-Appellant.
 Nos. 91-1507, 92-1012.
 United States Court of Appeals, Federal Circuit.
 July 9, 1992.
Suggestion for Rehearing In Banc Declined
Sept. 11, 1992.
 
 Before PLAGER, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.
 DECISION
 LOURIE, Circuit Judge.
 
 
 1
 Clem Environmental Corp. appeals the judgment of the United States District Court for the Northern District of Illinois, No. 90 C 639 (May 31, 1991), entered on a jury verdict, holding that Claims 1 and 8 of Clem's U.S. Patent 4,501,788 ('788 patent) are not invalid and that American Colloid Company, Inc.'s BENTOMAT TM product did not infringe the '788 patent.* We affirm.
 
 DISCUSSION
 
 2
 Clem argues that the verdict of non-infringement, either literal or under the doctrine of equivalents, resulted solely from an erroneous claim interpretation. Claim construction is an issue of law reviewed de novo. ZMI Corp. v. Cardiac Resuscitator Corp., 844 F.2d 1576, 1578, 6 USPQ2d 1557, 1559 (Fed.Cir.1988). However, as with many legal issues, proper claim construction may depend on underlying factual questions which should be left to the jury under proper instruction. Palumbo v. Don-Joy Co., 762 F.2d 969, 974, 226 USPQ 5, 8 (Fed.Cir.1985).
 
 
 3
 The only dispute with respect to claim construction focuses on the meaning of the claimed term "coated." Clem asserts that "coated" in the claims of its '788 patent should be given its common meaning--"usage[ ] in which a substance is spread over an area, whether of not the substance is stuck or glued to the area." Colloid responds that "coated" in Claim 1 requires the use of an adhesive because the term should be construed not only in light of its common meaning, but also in light of the claims at issue, the other claims, the specification, the prosecution history, and the testimonial evidence. Colloid further asserts that the jury's verdict is consistent with this meaning. After reviewing the entire record, we agree with Colloid.
 
 
 4
 Clem moved for a jury trial, which motion was granted. The jury, under proper instruction, presumably grappled with the hotly disputed issues surrounding the meaning of the word "coated." It found that Claims 1 and 8 of Clem's '788 patent were not infringed by Colloid's BENTOMAT TM product. It had substantial evidence supporting its conclusion.
 
 
 5
 Now Clem appeals to this Court, arguing that the issue of infringement which it voluntarily submitted to the jury is not really a jury question at all, but rather an issue that turns solely on a question of law--claim interpretation--and that this Court should decide it de novo. However, the meaning of the word "coated," if not a fact question itself, is dependent on factual inquiries such as how the specification and claims used the term and what it commonly means. In order to comply with Clem's request, we would have to retry facts, examining exhibits, then weighing and evaluating the conflicting testimony of witnesses. This we will not do. Clem's effort to effectively retry this case on appeal therefore must fail.
 
 
 6
 Clem asked for the jury, and, absent reversible error, which we do not find, it is bound by the jury's verdict. We will not substitute our judgment for that of the jury. We affirm the district court's denial of Clem's JNOV motion.
 
 
 
 *
 Colloid cross-appeals, asking that if we reverse the judgment of non-infringement, reversal of the judgment of validity be granted. In view of our disposition, we need not address Colloid's cross-appeal